IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME A. PERKINS, SR., <br> *(father) in care of Jerome A. Perkins, Jr.*, <br><br> TEMESHIA TRAMMELL, <br> *(mother) in care of Jerome A. Perkins, Jr.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVIDSON COUNTY, *et al.*, <br><br> Defendants. | No. 3:23-cv-00730 <br><br> JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Jerome A. Perkins, Sr. ("Perkins Sr."), an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, and Temeshia Trammell, a resident of LaVerne, Tennessee, filed this civil case following the death of their son, Jerome A. Perkins, Jr. ("Perkins Jr.") who, at the time of his death, was an inmate of the Davidson County Sheriff's Department in Nashville, Tennessee. (Doc. No. 1).

**I. BACKGROUND**

By Order entered on September 27, 2023, the Court informed Perkins Sr. and Trammell that each of them must take additional action to proceed as a plaintiff in this case. (Doc. No. 7). The Court advised Trammell that she should (1) sign and return the complaint to the Court and (2) inform the Court whether she is incarcerated and, if so, provide the name of the facility where she is incarcerated; otherwise, she should provide the Court with her current residential mailing address.

Trammell has complied with the Court's instructions. (*See* Doc. Nos. 11, 12).

The Court directed Perkins Sr. to inform the Court in writing whether Perkins Jr. has a surviving spouse or children and, if so, to provide the names, ages, and contact information of those individuals. Perkins Sr. also has complied with the Court's instructions. (*See* Doc. No. 10).

Perkins Sr. then filed a "Motion to Remove Trammell re Complaint" (Doc. No. 8) in which he states that "Mrs. Trammell understands that she have [sic] to do her on [sic] 1983 civil lawsuit complaint." (*Id.* at 1). Perkins Sr.'s motion reflects a misunderstanding of the Court's prior Order. Perkins Sr.'s subsequent motion (Doc. No. 10) and Trammell's subsequent response (Doc. No. 12) indicate that Perkins Sr. would like to withdraw his request to remove Trammell from this action. Upon Plaintiffs' request, the motion (Doc. No. 8) is **DENIED**.

## II. FILING FEE

Under the circumstances presented in *Williams v. Tennessee*, No. 3:12-mc-00072, 2012 WL 13072118 (M.D. Tenn. Oct. 11, 2012), this Court permitted a prisoner and non-prisoner to proceed as co-plaintiffs and found that each plaintiff was responsible for half of the civil filing fee. Other courts have recognized the "inherent difficulties of allowing [a] [p]laintiff and [non-prisoners] co-plaintiffs to proceed jointly" and have severed the claims of the plaintiff and such co-plaintiffs in the respective cases at hand. *See e.g., Ellason v. Texas Tech Univ. Health Sciences Ctr.*, No. 5:14-CV-00091-C, 2014 WL 2624752, at *3-4 (N.D. Tex. June 12, 2014).

Here, despite Perkins Sr.'s incarceration, he and Trammell appear to be able to communicate with one another and have responded to the Court's instructions in a consistent and timely manner. Perkins Sr. states that Trammell can "help [with this case] more than [he can]" because of his incarceration and that "she can . . . make all of the court dates." (Doc. No. 10 at 2). Considering those circumstances and the nature of the claims they desire to prosecute jointly, the

Court will permit Perkins Sr. and Trammell to proceed as co-plaintiffs. However, the Court may reconsider this determination if circumstances require in the future.

When there are multiple plaintiffs in a case, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1137 (6th Cir. 1997). Any subsequent dismissal of a plaintiff's case, even if voluntary, does not negate that plaintiff's responsibility to pay his or her portion of the filing fee.[1] *Fox v. Koskinen*, No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Perkins Sr.'s Application, it appears that he lacks sufficient financial resources from which to pay his portion full filing fee in advance. Therefore, his Application for Leave to Process In Forma Pauperis (Doc. No. 5) is **GRANTED**.

Accordingly, each Plaintiff is hereby assessed his or her portion of the $350 filing fee ($175). Perkins Jr. must pay his portion as follows:

(1) The custodian of Plaintiff Perkins Sr.'s inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to his account; or (b) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

---

[1] In making this observation, the Court does not mean to imply that a subsequent dismissal should or will occur in this case.

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Perkins Sr.'s account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Perkins Sr.'s account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until each Perkins Sr. has paid his portion of the filing fee ($175) in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Perkins Sr.'s name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Whiteville Correctional Facility to ensure that the custodian of Perkins Sr.'s inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Perkins Sr. is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows Perkins Sr. to his new place of confinement for continued compliance with this order.

Plaintiff Trammel **MUST** submit her portion of the filing fee ($175) to the Court within 30 days. If Trammel fails to do so, she will be removed as a co-plaintiff in this action.

### III. BENEFICIARY PRIORITY

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b). This statutory screening is required in this case because Perkins Sr. is incarcerated and proceeding in forma pauperis. However, the Court cannot undertake the screening until Trammell pays her portion of the civil filing fee. Even so, the Court has identified a matter that should be addressed in the meantime.

The complaint alleges federal civil rights claims under 42 U.S.C. § 1983 and supplemental state-law wrongful death and negligence claims. Courts looks to state law to determine whether plaintiffs (here, the parents of the decedent) have standing to sue for violation of the decedent's (their son's) civil rights under Section 1983 and under Tennessee state law. *See Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018). In Tennessee, "the superior right to bring a survivor suit . . . is granted first to a surviving spouse, then to any children, then to a parent, then to a sibling, and so forth." *Sipes v. Madison Cnty.*, No. 12-1130, 2014 WL 2035685, at *2 (W.D. Tenn. May 16, 2014) (citing Tenn. Code Ann. § 31-2-104)); *see also Koontz v. Fleming*, 65 S.W.2d 821, 824 (Tenn. Ct. App. 1933) (explaining that, under Tenn. Code Ann. § 20-5-106(a), a son's right to bring a wrongful death suit or a Section 1983 suit on behalf of his father is prior and superior to that of the decedent's parents). "An inferior beneficiary may not sue until the person with the prior and superior right waives his right of action." *Sipes*, 2014 WL 2035685, at *4 (citing *Koontz*, 65 S.W.2d at 824).

Here, Perkins Sr. and Trammell state that the decedent, their son, "is believed to have" one living child, a son,[2] who resides with his mother in Nashville, Tennessee. (Doc. No. 10 at PageID#

---

[2] Because the son is believed to be a minor, the Court will not include his name herein. (*See* Doc. No. 12 at PageID# 83).

67; Doc. No. 12 at PageID# 83). They believe their son was not married to the mother of his child at the time of the decedent-son's death. (*See id*.)

The Court will not presume waiver of the son's rights. As a sister court explained:

> [W]aiver will not be presumed or implied contrary to [the] intention of the parties whose rights would be injuriously affected thereby." *Koontz*, 65 S.W.2d at 825. Generally, "there must be absolute action or inaction inconsistent with the claim or right in order to constitute waiver by conduct." *Id*. While it has been held that an "*adult* beneficiary may waive his or her right to maintain the action by permitting the administrator's suit to stand without objection[,]" *Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn.1984) (emphasis added), the same has not been applied to minors. Furthermore, these authorities generally discuss waiver by inaction of the right to maintain and control suit, not waiver of the right to any recovery borne by the suit as a superior statutory beneficiary. *See id*. Thus, the question of whether the child waived his rights by failing to act is left "doubtful or uncertain[.]

*See Sipes*, 2014 WL 2035685, at *4. The *Sipes* court found that the plaintiffs (the decedent's mother and representative of his estate and sister, respectively) had failed to satisfy their burden of overcoming this uncertainty by a preponderance of the evidence. *See id.* at *4-5.

The instant Plaintiffs likewise have failed thus far to overcome this uncertainty. That is to say, at the present time, Plaintiffs (the parents of the decedent) have not demonstrated that the decedent's child has waived his superior and exclusive right to sue. The Court therefore **DIRECTS** the Clerk to mail a copy of this Order to the minor, who has been identified as the decedent's son, c/o his mother, who has been identified as Tedra M. Henricks, at the address provided in Trammel's response to the Court's prior Order. (*See* Doc. No. 12 at PageID# 83). Should the decedent's son wish to waive the rights he possesses as a superior statutory beneficiary, he **MUST** inform the Court in writing no later than 30 days after entry of this Order.[3]

---

[3] At this time, the Court declines to give an opinion about whether the minor is competent to waive the rights himself and, if not, who has the legal authority to do it for him.

## IV. MOTIONS

Plaintiff Perkins Sr. has filed a Motion for Discovery (Doc. No. 6), a Motion for Miscellaneous Relief (Doc. No. 10), and a Motion to Produce (Doc. No. 13).

The filing entitled "Motion", which the Clerk docketed as Motion for Miscellaneous Relief (Doc. No 10), is Perkins Sr.'s response to the Court's prior Order. To the extent that Perkins Sr. seeks permission in the motion to respond to the Court's prior Order, the motion is **GRANTED**.

The two remaining motions pertain to discovery and are premature at this stage of the litigation. Furthermore, the motions are signed only by Perkins Sr. The motions (Doc. Nos. 6, 13) therefore are **DENIED WITHOUT PREJUDICE** to refile at the appropriate time, if desired. Any subsequent motion(s) filed will be treated as being made only by the plaintiff(s) whose name(s) and signature(s) appears on the respective motion(s).

Once the Court resolves Trammell's portion of the filing fee, the Court will proceed to the required screening of the complaint.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE