IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME A. PERKINS, SR., *(father) in care of Jerome A. Perkins, Jr.*, | ) ) ) |
| TEMESHIA TRAMMELL, *(mother) in care of Jerome A. Perkins, Jr.*, | ) No. 3:23-cv-00730 ) ) JUDGE RICHARDSON |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DAVIDSON COUNTY, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Jerome A. Perkins, Sr. ("Perkins Sr."), an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, and Temeshia Trammell, a resident of La Vergne, Tennessee, filed this civil case following the death of their son, Jerome A. Perkins, Jr. ("Perkins Jr.") who, at the time of his death, was an inmate of the Davidson County Sheriff's Department in Nashville, Tennessee. (Doc. No. 1).

**I. RE-ASSESSMENT OF THE FILING FEE AND DISMISSAL OF TRAMMEL**

By Order entered on April 8, 2024, the Court granted Trammell and Perkins Sr.'s request to proceed as paupers. (Doc. No. 14 at PageID# 90). The Court noted, however, that it might reconsider its ruling if circumstances required in the future. (*Id*. at PageID# 91).

The Court then assessed Perkins Sr.'s portion of the filing fee and ordered Trammel, a nonprisoner, to submit her portion to the Court within 30 days. (*Id*.at PageID# 91-92). The Court advised that, if Trammel failed to submit her portion of the filing fee to the Court within 30 days, she would be removed as a Plaintiff to this action. (*Id.*)

More than 30 days have passed, and Trammell has not complied with the Court's instructions. Trammel has not interacted with the Court in this case since November 15, 2023. It appears that she no longer wishes to prosecute this action. Accordingly, Trammel is **DISMISSED** as a co-Plaintiff to this action.

With Trammel no longer prosecuting this case with him, Plaintiff Perkins Sr. now is responsible for paying the full civil filing fee. Thus, the Court's portion of its previous Order (Doc. No. 14) assessing $175 to Perkins Sr. is now **VACATED**, and Perkins Sr. is **ASSESSED** the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff Perkins Sr.'s inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to his account; or (b) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Perkins Sr.'s account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Perkins Sr.'s account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until each Perkins Sr. has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Perkins Sr.'s name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States

District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Whiteville Correctional Facility to ensure that the custodian of Perkins Sr.'s inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee.

If Perkins Sr. is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows Perkins Sr. to his new place of confinement for continued compliance with this order.

## II. PLRA SCREENING OF THE COMPLAINT

The Court now turns to the required screening of the complaint under the Prisoner Litigation Reform Act ("PLRA"). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b). This statutory screening is required in this case because Perkins Sr. is incarcerated.

The first question before the Court in conducting the required PLRA screening of the complaint is whether Plaintiff Jerkins Sr. has standing to bring this action. The complaint alleges federal civil rights claims under 42 U.S.C. § 1983 and supplemental state-law wrongful death and negligence claims. Courts looks to state law to determine whether a plaintiff (here, a parent of the decedent) has standing to sue for violation of the decedent's (here, Plaintiff's son's) civil rights under Section 1983 and under Tennessee state law. *See Crabbs v. Scott*, 880 F.3d 292, 294 (6th

Cir. 2018). In Tennessee, "the superior right to bring a survivor suit . . . is granted first to a surviving spouse, then to any children, then to a parent, then to a sibling, and so forth." *Sipes v. Madison Cnty.*, No. 12-1130, 2014 WL 2035685, at *2 (W.D. Tenn. May 16, 2014) (citing Tenn. Code Ann. § 31-2-104)); *see also Koontz v. Fleming*, 65 S.W.2d 821, 824 (Tenn. Ct. App. 1933) (explaining that, under Tenn. Code Ann. § 20-5-106(a), a son's right to bring a wrongful death suit or a Section 1983 suit on behalf of his father is prior and superior to that of the decedent's parents). "An inferior beneficiary may not sue until the person with the prior and superior right waives his right of action." *Sipes*, 2014 WL 2035685, at *4 (citing *Koontz*, 65 S.W.2d at 824).

Here, Perkins Sr. represented that the decedent, his son, "is believed to have" one living child, a son,[1] who resides with his mother in Nashville, Tennessee. (Doc. No. 10 at PageID# 67; Doc. No. 12 at PageID# 83). As the Court explained previously, it will not presume waiver of the son's rights. As a sister court explained:

> [W]aiver will not be presumed or implied contrary to [the] intention of the parties whose rights would be injuriously affected thereby." *Koontz*, 65 S.W.2d at 825. Generally, "there must be absolute action or inaction inconsistent with the claim or right in order to constitute waiver by conduct." *Id*. While it has been held that an "*adult* beneficiary may waive his or her right to maintain the action by permitting the administrator's suit to stand without objection[,]" *Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn.1984) (emphasis added), the same has not been applied to minors. Furthermore, these authorities generally discuss waiver by inaction of the right to maintain and control suit, not waiver of the right to any recovery borne by the suit as a superior statutory beneficiary. *See id*. Thus, the question of whether the child waived his rights by failing to act is left "doubtful or uncertain[.]"

*See Sipes*, 2014 WL 2035685, at *4. The *Sipes* court found that the plaintiffs (the decedent's mother and representative of his estate and sister, respectively) had failed to satisfy their burden of overcoming this uncertainty by a preponderance of the evidence and dismissed the plaintiffs in their individual capacities. *See id.* at *4-5.

---

[1] Because the son is believed to be a minor, the Court will not include his name herein. (*See* Doc. No. 12 at PageID# 83).

Plaintiff Jerkins Sr. likewise has failed to overcome this uncertainty. The Court previously directed the Clerk to mail a copy of the Court's prior Order to the minor, who has been identified as the decedent's son, c/o of his mother, who has been identified as Tedra M. Hendricks, at the address provided in Trammel's response to the Court's prior Order. (Doc. No. 14 at PageID# 94). In that Order, the Court instructed the decedent's son to inform the Court within 30 days if he wished to waive the rights he possesses as a superior statutory beneficiary to Plaintiff Perkins Sr. (*Id.*) The deadline has passed, and the decedent's son has not done so. With the minor having failed to waive his rights, Perkins Sr. lacks standing in his individual capacity to bring this lawsuit.

The question remains as to whether Perkins Sr. can maintain suit as the personal representative of the decedent's estate. "Tennessee courts have been 'extremely liberal' in allowing claimants bringing wrongful deaths suits to amend so that the proper party beneficiary may be named." *Sipes*, 2014 WL 2035685, at *3 (citing *Walker v. Peels*, 315 S.W.2d 400, 402 (Tenn. 1958)). Thus, Perkins Sr. has standing to maintain this suit in the capacity of personal representative of the decedent's estate on behalf of the decedent's minor son—and thus may proceed in that capacity if he so desires—*if* he can properly allege in the complaint that he is in fact the personal representative of the decedent's estate.

To do so, Perkins Sr. also must plead the real party in interest—the decedent's minor son—in the complaint, *Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, 665 S.W.2d 717, 718 (Tenn. 1984), and obtain the consent of the decedent's minor son to name him as the real party in interest.[2] *See* Fed. R. Civ. P. 17(a)(3) (A court must allow a "reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action."). If and when Perkins Sr. has

---

[2] At this time, the Court declines to give an opinion about whether the minor is competent to ratify this action himself and, if not, who has the legal authority to do it for him. In the *Sipes* opinion, the court directed Sipes to "file an amended complaint reflecting the child as the proper beneficiary and to obtain consent from the child's parent or guardian." 2014 WL 2035685, at *6.

accomplished these tasks, this action will "proceed[] as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

### III. CONCLUSION AND INSTRUCTIONS FOR PLAINTIFF

Perkins Sr. is hereby given 30 days from entry of this Order to (1) file an amended complaint reflecting the decedent's minor child as the proper beneficiary and (2) obtain consent from the child's parent or guardian.

If necessary, Perkins Sr. may request an extension of the deadline, in writing, as long as he does so prior to the expiration of the deadline.

Failure to timely amend the complaint or to obtain consent will result in the dismissal of all claims for lack of standing.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE