IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME A. PERKINS, SR., <br> *(father) in care of Jerome A. Perkins, Jr.*, <br> <br> TEMESHIA TRAMMELL, <br> *(mother) in care of Jerome A. Perkins, Jr.* <br> (TERMINATED), <br> <br>     Plaintiffs, <br> <br> v. <br> <br> DAVIDSON COUNTY, *et al.*, <br> <br>     Defendants. | No. 3:23-cv-00730 <br> <br> JUDGE RICHARDSON |

## MEMORANDUM OPINION AND ORDER

Jerome A. Perkins, Sr. ("Perkins Sr."), an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, and Temeshia Trammell, a resident of LaVergne, Tennessee, filed this civil case following the death of their son, Jerome A. Perkins, Jr. ("Perkins Jr.") who, at the time of his death, was an inmate of the Davidson County Sheriff's Department in Nashville, Tennessee. (Doc. No. 1).

By Memorandum Opinion and Order entered on April 8, 2024, the Court assessed Perkins Sr.'s portion of the civil filing fee and directed Trammel to submit her portion of the civil filing fee to the Court within 30 days.[1] (Doc. No. 14 at PageID# 90-92). The Court specifically warned Trammel that if she failed to comply with the Court's Order, she would be removed as a co-plaintiff in this action. (*Id.* at PageID# 92). Further, the Court directed the Clerk to mail a copy of the

---

[1] At that time, the Court noted the inherent difficulties of permitting a prisoner and non-prisoner to proceed as co-plaintiffs. (*See* Doc. No. 14 at PageID# 90). However, because initially Perkins Sr. and Trammel appeared to be communicating with one another effectively and had responded to the Court's instructions in a consistent and timely manner, the Court permitted Perkins Sr. and Trammel to proceed as co-plaintiffs. (*Id.*) Since then, that has not been the case.

Court's Order to the minor child, who has been identified as the decedent's son, c/o his mother, who has been identified as Tedra M. Hendricks, at the address provided in Trammel's response to the Court's prior Order. (*Id*. at PageID# 94). The Court informed the decedent's son that, if he wished to waive the rights he possesses as a superior statutory beneficiary, he must inform the Court in writing no later than 30 days after entry of the Court's Order. (*Id*.) No response has been received from the decedent's son.

By Memorandum Opinion and Order entered on July 8, 2024, the Court dismissed Trammel as a co-plaintiff to this action after she failed to submit her portion of the filing fee by the Court's deadline.² (Doc. No. 15). The Court also vacated its prior assessment of the filing fee and assessed Perkins Sr. the full civil filing fee of $350. (*Id*.) The Court further ordered Perkins Sr. to (1) file an amended complaint reflecting the decedent's minor child as the proper beneficiary and (2) obtain consent from the child's parent or guardian within 30 days. (*Id*. at PageID# 101). The Court advised Perkins Sr. that, if necessary, he could request an extension of the deadline, in writing, if he did so prior to the expiration of the deadline. (*Id*.)

Perkins Sr. then submitted, before the expiration of the deadline, a letter to the Court in which he represents that he "contact[ed] Mrs. Trammel and she told [him] that she has came [sic] down there to the Courthouse trying to pay the rests of the Court[] fee to this lawsuit. But it was the Clerk who told her otherwise not to pay off the fees. And she informed them that her address in LaVergne, Tenn has changed." (Doc. No. 18 at PageID# 104). Perkins Sr. further asserts that Trammel told him that she had not heard anything from the Court (*id*.) and that the Court "had her cell phone number and someone could have called her." (*Id*. at PageID# 106).

---

² At that time, none of the Court's mail to Trammel had been returned. After the entry of the Court's July 8, 2024 Memorandum Opinion and Order removing Trammel as a co-plaintiff to this action, the Court's Memorandum Opinion and Order of April 8, 2024 (Doc. No. 14) and of July 8, 2024 (Doc. No. 15) were returned to the Court marked "Undeliverable. Return to Sender. Unable to Forward." (*See* Doc. Nos. 16, 17).

Trammel has not communicated with the Court in writing since November 16, 2023. (Doc. No. 12). There are no internal Court records documenting that Trammel spoke with anyone at the Court in person before or after that date. The Clerk of Court has confirmed that she has no recall or record of such a visit from Trammel. It is a plaintiff's responsibility to keep the court apprised of his or her current mailing address.[3] To date, Trammel still has not provided a written notice of her address change. It is not the Court's responsibility to track down litigants who fail to respond to Court Orders.

Further, if Trammel wanted the Court to reconsider the dismissal of her as a co-plaintiff in this case, she could have availed herself of the opportunity to file a motion to reconsider or other appropriate motion. She has not done so. Although Perkins Sr.'s letter to the Court could be construed as a motion to reconsider the dismissal of Trammel as a co-plaintiff, Perkins Sr. (who is not a lawyer) cannot make such a motion on her behalf. "A *pro se* litigant cannot represent anyone other than him or herself." *Huff v. First Energy Corp.*, No. 5:12cv2583, 2013 WL 639328, at *3 (N.D. Ohio Feb. 20, 2013) (citations omitted). *See Montague v. Schofield*, No. 2:14-cv-292, 2015 WL 18795950, at *3 (E.D. Tenn. Apr. 22, 2015) (finding filings made by an inmate, who was not a lawyer or class representative, made on behalf of other inmates to be "not properly before the Court").

Nevertheless, given the serious nature of the allegations made by the decedent's parents in this lawsuit and Perkins Sr.'s status of being both pro se and incarcerated, the Court will consider a late-filed motion by Trammel seeking reconsideration of her dismissal from this lawsuit, if such

---

[3] Because the complaint listed Trammel as a co-plaintiff but provided no mailing address for Trammel, the Court notified Perkins Sr. that it was his responsibility to ensure that Trammel received the Court's initial Order of September 27, 2023. (*See* Doc. No. 7 at PageID# 59 n.3). However, once Trammel signed and returned the complaint, it became her responsibility to (1) keep the Court apprised of her current mailing address and (2) comply with the Court's instructions. Indeed, as noted above, as a non-lawyer, Perkins Sr. is not allowed to represent Trammel or speak on her behalf.

motion is received in writing within 30 days of the date of entry of this Memorandum Opinion and Order. The Court notes, however, consideration of such motion does not guarantee the Court will grant the motion.

In any event, the Court construes Perkins Sr.'s letter as a motion for an extension of time to comply with the Court's directions in its July 8, 2024 Memorandum Opinion and Order, which the Court **GRANTS**. Thus, Perkins Sr. **MUST** (1) file an amended complaint reflecting the decedent's minor child as the proper beneficiary and (2) obtain consent from the child's parent or guardian within 60 days of the date of entry of this Memorandum Opinion and Order. (Doc. No. 15 at PageID# 101).

The extended deadline will permit the Court time to review a motion to reconsider filed by Trammel, if any, and rule on that motion prior to the expiration of Perkins Sr.'s deadline. Failure to timely amend the complaint or to obtain consent will result in the dismissal of all claims for lack of standing.

Although Perkins Sr. (and formerly Trammel) is proceeding pro se in this action, he (they) must comply with the instructions of the Court as well as the Local Rules and Federal Rules of Civil Procedure and Evidence. There are multiple free litigation resources available to pro se litigants, both prisoners and nonprisoners, on the Court's website. These resources also are available at no cost upon written request or by way of a telephone call or in-person visit to the Clerk's Office.

No further extensions will be granted as the Court already has provided a generous extension of the deadlines for Perkins Sr. and Trammel.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE