IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEROME A. PERKINS, SR., )
*(father) in care of Jerome A. Perkins, Jr.*, )
 )
TEMESHIA TRAMMELL, ) No. 3:23-cv-00730
*(mother) in care of Jerome A. Perkins, Jr.* )
(TERMINATED), ) JUDGE RICHARDSON
 )
    Plaintiffs, )
 )
v. )
 )
DAVIDSON COUNTY, *et al.*, )
 )
    Defendants.

# MEMORANDUM OPINION AND ORDER

Pending before the Court are the following motions: two Motions for Reconsideration (Doc. Nos. 20, 23) filed by Temeshia Trammel; "Amended Motion for Defendant to Suppress all evidence for civil complaint" (Doc. No. 21) filed by Jerome A. Perkins, Sr. ("Perkins Sr."); and a "Motion for Closure" (Doc. No. 25) filed by Perkins Sr.

## I. BACKGROUND

Perkins Sr., an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, and Temeshia Trammell, a resident of La Vergne, Tennessee, filed this civil case following the death of their son, Jerome A. Perkins, Jr. ("Perkins Jr.") who, at the time of his death, was an inmate of the Davidson County Sheriff's Department in Nashville, Tennessee. (Doc. No. 1).

By Memorandum Opinion and Order entered on April 8, 2024, the Court assessed Perkins Sr.'s portion of the civil filing fee and directed Trammel to submit her portion of the civil filing

fee to the Court within 30 days.[1] (Doc. No. 14 at PageID# 90-92). The Court specifically warned Trammel that if she failed to comply with the Court's Order, she would be removed as a co-plaintiff in this action. (*Id*. at PageID# 92). Further, the Court directed the Clerk to mail a copy of the Court's Order to the decedent's son (who apparently is a minor)[2] c/o his mother, who has been identified as Tedra M. Hendricks, at the address provided in Trammel's response to the Court's prior Order. (*Id*. at PageID# 94). The Court informed the decedent's son that if he wished to waive the rights he possesses as a superior statutory beneficiary, he must inform the Court in writing no later than 30 days after entry of the Court's Order. (*Id*.) To date, no response has been received from the decedent's son (or any actual or purported legal representative of the decedent's son).

By Memorandum Opinion and Order entered on July 8, 2024, the Court dismissed Trammel as a co-plaintiff to this action after she failed to submit her portion of the filing fee by the Court's deadline.[3] (Doc. No. 15). The Court also vacated its prior assessment of the filing fee and assessed Perkins Sr. the full civil filing fee of $350. (*Id*.) The Court further ordered Perkins Sr. to (1) file an amended complaint reflecting the decedent's minor child as the proper beneficiary and (2) obtain consent from the child's parent or guardian within 30 days. (*Id*. at PageID# 101). The Court advised Perkins Sr. that, if necessary, he could request an extension of the deadline, in writing, if he did so prior to the expiration of the deadline. (*Id*.)

---

[1] At that time, the Court noted the inherent difficulties of permitting a prisoner and non-prisoner to proceed as co-plaintiffs. (*See* Doc. No. 14 at PageID# 90). However, because initially Perkins Sr. and Trammel appeared to be communicating with one another effectively and had responded to the Court's instructions in a consistent and timely manner, the Court permitted Perkins Sr. and Trammel to proceed as co-plaintiffs. (*Id*.) Since then, that has not been the case.

[2] As discussed in the Court's Order, (Doc. No. 15 at 3-4), it appears that under Tennessee law, the decedent's son has the superior right to bring a survivor's suit based on the death of the decedent

[3] At that time, none of the Court's mail to Trammel had been returned as undelivered.

Perkins Sr. responded with a letter to the Court. (Doc. No. 18). By Memorandum Opinion and Order entered on September 20, 2024, the Court construed Perkins Sr.'s letter as a motion for an extension of time to comply with the Court's directions in its July 8, 2024 Memorandum Opinion and Order, which the Court granted. (Doc. No. 19). The Court instructed Perkins Sr. to file an amended complaint reflecting the decedent's minor child as the proper beneficiary and (2) obtain consent from the child's parent or guardian within 60 days. (*Id.*) The Court also indicated that it would consider a late-filed motion by Trammel seeking reconsideration of her dismissal from this lawsuit. Trammel now has filed two motions doing just that.

## II. MOTIONS FOR RECONSIDERATION OF DISMISSAL OF TRAMMEL AS PLAINTIFF

Trammel has filed two Motions for Reconsideration (Doc. Nos. 20, 23) in which she asks the Court to reinstate her as a co-plaintiff to this action. Her first motion is unsigned (*see* Doc. No. 20 at PageID# 116); therefore, the Court cannot consider it. *See* Fed. R. Civ. P. 11 (all pleadings filed with the Court must be signed "by a party personally if the party is unrepresented."); *Becker v. Montgomery*, 532 U.S. 757-763-64 (2001) (applying Rule 11 requirement of handwritten signature and declining "to permit typed names"). The motion (Doc. No. 20) therefore is **DENIED**.

Trammel signed her second motion. In that motion she maintains that she failed to comply with the Court's prior instructions because she did not receive mail from the Court. The docket reflects that the Clerk mailed the Court's Memorandum Opinions and Orders entered on April 8, 2024 (Doc. No.14) and July 8, 2024 (Doc. No. 15) to Trammel at the address she provided. Those documents were returned to the Court on July 9, 2024 (Doc. No. 16) and July 23, 2024 (Doc. No. 17) respectively marked "Undeliverable. Return to Sender. Attempted – Not Known. Unable to Forward." Although it is a plaintiff's responsibility to keep the Court apprised of her current mailing address, under the circumstances set forth in this case at this time, the Court is amenable

to giving Trammel a second chance at jointly prosecuting this lawsuit with the decedent's father. Therefore, Trammel's Motion for Reconsideration (Doc. No. 23) is **GRANTED**. The Clerk is **DIRECTED** to reinstate Trammel as a co-plaintiff to this action.

### III. MOTIONS BY PERKINS SR.

Perkins Sr. has filed an "Amended Motion for Defendant to Suppress all evidence for civil complaint" (Doc. No. 21) and a "Motion for Closure" (Doc. No. 25).

Perkins Sr.'s first motion states that he "seek[s] relief for the wrongful death of his son . . . from Defendant Davidson County for his [son's] death that happen[ed] within the DDC county jail." (Doc. No. 21 at PageID# 119). Although Perkins Sr. titled the motion as one seeking "to suppress all evidence for civil complaint" (*id.*), the motion does not seek to suppress evidence; instead, it lists the evidence related to his son's death that Perkins Sr. believes Defendants have concealed, such as the decedent's autopsy report and "video footage" from the day of the decedent's death. (*Id.*) The Court will consider Perkins Sr.'s allegations as set forth in the complaint and this motion. However, as this motion (Doc. No. 21) fails to request any relief, it is **DENIED**.

Perkins Sr.'s second motion requests "closure." (Doc. No. 25). He complains that the Court is taking too long to rule in this case. The Court construes the motion as one to ascertain the status of this case. Perkins Sr.'s request for a status update (Doc. No. 25) is **GRANTED**.

The progression of this case has been stymied by Perkins Sr. and Trammel's failure to follow the Court's instructions. This case cannot proceed by law until certain tasks are completed, and those tasks must be completed by Perkins Sr. and Trammel. The Court cannot prosecute this case on their behalf, even if they are proceeding pro se.

The Court has now granted Trammel's request to be reinstated as a co-plaintiff. Although the Court previously has granted extensions to Perkins Sr. to comply with the Court's instructions, the Court will once again permit an extension. <u>This will be the last extension</u>.

### IV. CONCLUSION AND INSTRUCTIONS

Co-Plaintiffs Perkins Sr. and Trammel **MUST** accomplish two tasks within the next 60 days. First, they must file an amended complaint, signed by both Perkins Sr. and Trammel, reflecting the decedent's minor child[4] as the proper beneficiary. Second, Perkins Sr. and Trammel must obtain consent from the child's parent or guardian[5] to maintain suit as the personal representative of the decedent's estate.[6] The Court explained these instructions at length in its Memorandum Opinion and Order entered on July 8, 2024. (*See* Doc. No. 15).

Failure to timely amend the complaint or to obtain consent **WILL** result in the dismissal of all claims for lack of standing. No further extensions will be granted.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] Perkins Sr. represented that the decedent, his son, "is believed to have" one living child, a son, who resides with his mother in Nashville, Tennessee. (Doc. No. 10 at PageID# 67; Doc. No. 12 at PageID# 83). Because the son is believed to be a minor, the Court will not include his name herein. (*See* Doc. No. 12 at PageID# 83).

[5] The Court previously directed the Clerk to mail a copy of the Court's prior Order to the minor, who has been identified as the decedent's son, c/o of his mother, who has been identified as Tedra M. Hendricks, at the address provided in Trammel's response to the Court's prior Order. (Doc. No. 14 at PageID# 94). In that Order, the Court instructed the decedent's son to inform the Court within 30 days if he wished to waive the rights he possesses as a superior statutory beneficiary to Plaintiff Perkins Sr. (*Id*.) The deadline has passed, and the decedent's son has not done so. With the minor having failed to waive his rights, Perkins Sr. lacks standing in his individual capacity to bring this lawsuit.

[6] At this time, the Court declines to give an opinion about whether the minor is competent to ratify this action himself and, if not, who has the legal authority to do it for him. In *Sipes v. Madison Cnty.*, No. 12-1130, 2014 WL 2035685, at *2 (W.D. Tenn. May 16, 2014), a case dealing with a son's right to bring a wrongful death suit or a Section 1983 action on behalf of his father, the court directed Sipes to "file an amended complaint reflecting the child as the proper beneficiary and to obtain consent from the child's parent or guardian." *Id*. at *6.