IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME A. PERKINS, SR., <br> *(father) in care of Jerome A. Perkins, Jr.*, <br><br> TEMESHIA TRAMMELL, <br> *(mother) in care of Jerome A. Perkins, Jr.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVIDSON COUNTY, *et al.*, <br><br> Defendants. | No. 3:23-cv-00730 <br><br> JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Jerome A. Perkins, Sr. ("Perkins Sr."), an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, and Temeshia Trammell, a resident of LaVergne, Tennessee, filed this civil case following the death of their son, Jerome A. Perkins, Jr. ("Perkins Jr.") who, at the time of his death, was an inmate of the Davidson County Sheriff's Department in Nashville, Tennessee. (Doc. No. 1).

By Memorandum Opinion and Order entered on February 11, 2025, the Court ordered Perkins Sr. and Trammel to accomplish two tasks within the next 60 days.[1] (Doc. No. 28 at PageID# 155). First, they were to file an amended complaint, signed by both Perkins Sr. and Trammel, reflecting the decedent's minor child[2] as the proper beneficiary of the claims raised in

---

[1] By Memorandum Opinion and Order entered on July 9, 2024, the Court previously instructed Perkins Sr. to accomplish these same tasks. (Doc. No. 15). Thus, Perkins Sr. has been on notice since July 2024 that this lawsuit could not proceed without the completion of these tasks.

[2] Perkins Sr. represented that the decedent, his son, "is believed to have" one living child, a son, who resides with his mother in Nashville, Tennessee. (Doc. No. 10 at PageID# 67; Doc. No. 12 at PageID# 83).

the complaint. (*Id*.) Second, Plaintiffs were to obtain consent from the decedent's child's parent or guardian[3] to maintain suit as the personal representative of the decedent's estate. (*Id*.) The Court referred Plaintiffs to the instructions set forth in its Memorandum Opinion and Order entered on July 8, 2024. (*Id*. citing Doc. No. 15). The Court warned Plaintiffs that failure to timely amend the complaint or to obtain consent would result in the dismissal of all claims for lack of standing. (*Id*.)

The Court received a letter from Perkins Sr. on February 27, 2025. (Doc. No. 29). In response, the Court extended to April 14, 2025 the deadline set forth in its prior Order. (Doc. No. 30).

On March 13, 2025, the Court received a letter from Perkins Sr. in which he expressed his displeasure with the Court's handling of this case[4] and asked the Court to remove Trammel as a co-Plaintiff. (Doc. No. 31). Perkins Sr. also asks the Court to "take Tedra and her son off [Perkins Sr.'s] complaint because [he] never ask[ed] to put her or her son on [his] complaint."[5] (*Id*. at PageID# 162).

---

[3] The Court previously directed the Clerk to mail a copy of the Court's prior Order to the minor, who has been identified as the decedent's son, c/o of his mother, who has been identified as Tedra M. Hendricks, at the address provided in Trammel's response to the Court's prior Order. (Doc. No. 14 at PageID# 94). In that Order, the Court instructed the decedent's son to inform the Court within 30 days if he wished to waive the rights he possesses as a superior statutory beneficiary to Plaintiff Perkins Sr. (*Id*.) The deadline has passed, and the decedent's son has not done so. With the minor having failed to waive his rights, Plaintiffs lack standing in their individual capacities to bring this lawsuit.

[4] Among other unsavory accusations, Perkins Sr. alleges: "I feel like if my family was white then I would have had a settlement payment and closure." (Doc. No. 31 at PageID# 163). He continues: "That's it or make me an offer because I'm sick and tired of this Court system giving me the run around." (*Id*.)

[5] The Court does not perceive that anything it has done constitutes putting Tedra M. Hendricks "on [Plaintiffs'] complaint."

As the Court has explained previously, when a complaint, such as this one, alleges federal civil rights claims under 42 U.S.C. § 1983 and supplemental state-law wrongful death and negligence claims, courts look to state law to determine whether plaintiffs (here, the parents of the decedent) have standing to sue for violation of the decedent's (their son's) civil rights under Section 1983 and under Tennessee state law. *See Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018). In Tennessee, "the superior right to bring a survivor suit . . . is granted first to a surviving spouse, then to any children, then to a parent, then to a sibling, and so forth." *Sipes v. Madison Cnty.*, No. 12-1130, 2014 WL 2035685, at *2 (W.D. Tenn. May 16, 2014) (citing Tenn. Code Ann. § 31-2-104)); *see also Koontz v. Fleming*, 65 S.W.2d 821, 824 (Tenn. Ct. App. 1933) (explaining that, under Tenn. Code Ann. § 20-5-106(a), a son's right to bring a wrongful death suit or a Section 1983 suit on behalf of his father is prior and superior to that of the decedent's parents). "An inferior beneficiary may not sue until the person with the prior and superior right waives his right of action." *Sipes*, 2014 WL 2035685, at *4 (citing *Koontz*, 65 S.W.2d at 824).

The Court cannot presume waiver of the son's rights. As a sister court explained:

> [W]aiver will not be presumed or implied contrary to [the] intention of the parties whose rights would be injuriously affected thereby." *Koontz*, 65 S.W.2d at 825. Generally, "there must be absolute action or inaction inconsistent with the claim or right in order to constitute waiver by conduct." *Id*. While it has been held that an "*adult* beneficiary may waive his or her right to maintain the action by permitting the administrator's suit to stand without objection[,]" *Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn.1984) (emphasis added), the same has not been applied to minors. Furthermore, these authorities generally discuss waiver by inaction of the right to maintain and control suit, not waiver of the right to any recovery borne by the suit as a superior statutory beneficiary. *See id*. Thus, the question of whether the child waived his rights by failing to act is left "doubtful or uncertain[.]

*See Sipes*, 2014 WL 2035685, at *4. The *Sipes* court found that the plaintiffs (the decedent's mother and representative of his estate and sister, respectively) had failed to satisfy their burden of overcoming this uncertainty by a preponderance of the evidence. *See id.* at *4-5.

Because Plaintiffs (the parents of the decedent) had not demonstrated that the decedent's child had waived his superior and exclusive right to sue, <u>by law</u> the only way this case could proceed was for (1) Plaintiffs to file an amended complaint, signed by both Perkins Sr. and Trammel, reflecting the decedent's minor child as the proper beneficiary <u>and</u> (2) Plaintiffs to obtain consent from the child's parent or guardian to maintain suit as the personal representative of the decedent's estate. It does not matter whether Perkins Sr. finds this inconvenient or otherwise not to his liking; these things simply must be done in order for this case to proceed. That is why the Court directed Plaintiffs to accomplish these tasks. And the Court generously granted multiple extensions of time—a period of 10 months—for Plaintiffs to do so.

The latest deadline set by the Court has passed, and Plaintiffs have not completed these tasks. Although the Court is sympathetic to Plaintiffs' circumstances, the Court cannot prosecute this case for them.

An action is subject to dismissal under Federal Rule of Civil Procedure Rule 41(b) for want of prosecution where the pro se litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to dismiss an action sua sponte for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).

Accordingly, this action is **DISMISSED** under Rule 41 for failure to comply with the Orders of the Court and for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE